

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 25, 1973

The Honorable Royce Adkins
District Attorney
39th Judicial District
Haskell, Texas 79521

Opinion No. H- 69

Re: Whether Court Reporter
is entitled to be paid for
preparing a Statement of
Facts in connection with
an application for writ
of habeas corpus under
Article 11.07, V. C. C. P.

Dear Mr. Adkins:

Your letter requesting our opinion asks whether a court reporter who prepares a transcript of the evidence at a hearing on a writ of habeas corpus is entitled to be compensated for it by the county.

Article 11.07, Vernon's Code of Criminal Procedure, governing the procedure for taking evidence on writs of habeas corpus, in pertinent part reads as follows:

> "It shall be the duty of the official court
> reporter of the district judge or judges so de-
> signated to forthwith prepare a narration of the
> facts adduced in evidence upon any such hearing
> and transmit the same, together with the judge's
> finding of fact and conclusions of law, to the
> clerk of the Court of Criminal Appeals within
> ten days of the date of such hearing. "

As your request notes, Article 11.07 fails to specifically provide payment to the court reporter in the case of an indigent petitioner, as compared to the provisions of Article 40.09, V. C. C. P., (dealing with the preparation of a Statement of Facts for use on direct appeal from the trial court):

p. 296

"A party desiring to have included in the
record a transcription of notes of the reporter
shall have the responsibility of obtaining such
transcription and furnishing same to the clerk
in duplicate in time for inclusion in the record
and defendant shall pay therefor. The court
will order the reporter to make such transcrip-
tion without charge to the defendant if the court
finds, after hearing in response to affidavit by
defendant, that he is unable to pay or give secu-
rity therefor. Upon certificate of the court that
this service has been rendered, payment there-
for shall be made from the general funds by the
county in which the offense is alleged to have
been committed. The court reporter shall re-
port any portion of the proceedings requested by
either party or directed by the court. (emphasis
added).

There are no Texas cases dealing with this particular situation.
However, there is authority indicating that court reporters may obtain
compensation for preparing a transcript of proceedings even if not a
part of his official duties. See Attorney General's Opinion No. V-976
(1949).

In McCoy v. State, 2 S. W. 2d 242 (Tex. Crim. 1928), it was held
that a court reporter may have official duties which extend beyond the
express statutory requirements which would rest largely within the dis-
cretion of the trial court. Attorney General's Opinion No. WW-702
(1959) stated that services for taking and transcribing depositions for
the State could be legally paid for by the Comptroller in accordance
with the fees prescribed in Article 2324, V. T. C. S. Obviously the ques-
tion presented in your request is not answered directly by these autho-
rities since there is the express statutory requirement of Article 11.07
that the court reporter prepare a Statement of Facts.

Article 16.09, V.C.C.P., requires the reducing to writing of testimony given at an examining trial.  As noted in Attorney General's Opinion No. M-303 (1968):

> " . . . [A]n official appointed court reporter who is required by the Magistrate to transcribe and give the court the 'original' Statement of Facts is entitled to reasonable compensation for his services to the court aside from any private arrangement he may have with defense counsel.

* * *

> "The examining trial is an official hearing authorized by law.  Once a reporter is officially appointed by the Magistrate his Statement of Facts become the work product of the court and may not be withheld for the private advantage of defense counsel. "

An Article 11.07 habeas corpus hearing is "an official hearing authorized by law. "  The court reporter's Statement of Facts becomes "the work product of the court. "  Therefore such transcripts should be on an equal basis with transcripts of an examining trial (Attorney General Opinion V-976 (1949), a tape recording of a radio program (Attorney General Opinion WW-874 (1960) when ordered by the district attorney. See Attorney General's Opinion WW-1334 (1962).

It is our opinion, therefore, that a court reporter who prepares a statement of facts reflecting the testimony given at a hearing on a writ of habeas corpus is entitled to be compensated for it by the State or County.

SUMMARY

A court reporter who prepares the narration of
the facts adduced in evidence at a hearing on a writ of

habeas corpus under Article 11.07, V. T. C. C. P.,
is entitled to be compensated for its preparation
by the State or County.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee